# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHNIGTON

SOLOMONA RICK PATU,

        Plaintiff,

v.

TERRY HUTCHINS,
and ANNIE SCOTT,

        Defendants.

No. C15-0720-RSL-MAT

ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THE CASE.

    Plaintiff asks this court reopen his Prisoner Civil Rights Complaint, (ECF No. 10), after being dismissed for failure to state a claim upon which relief may be granted. (ECF No. 34). A motion to reopen is properly construed as a motion for relief from judgment based on Federal Rule of Civil Procedure 60(b). *See Stephann v. Astrue*, 263 F. App'x 646, 647 (9th Cir. 2008). Rule 60 allows a court to relieve a party from a judgement or order for various enumerated reasons and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catchall provision "has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993).

    Here, the Plaintiff has not alleged an extraordinary circumstance that would justify the reopening of this case. It appears that Plaintiff seeks to reopen the case because he has continued to experience incidents of chronic constipation when he has not received Metamucil. The incidents Plaintiff alleges are of the same character and frequency that Plaintiff originally brought before this Court. For the same reasons stated in the prior judgement, (ECF No. 33), such incidents are

"insufficient to implicate Eight Amendment concerns," let alone represent extraordinary circumstances required to relieve a party of a prior judgement under Rule 60(b)(6).

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion to Reopen the Case.

Dated this 26th day of June, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge